FILED
NOV 2 3 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Clyde A. Thompson, SBN 72920
   Rebecca S. Widen, SBN 219207
2  HAAPALA, ALTURA, THOMPSON & ABERN LLP
   1939 Harrison Street, Suite 800
3  Oakland, California 94612-3533
   Tel:  510-763-2324
4  Fax:  510-273-8570

5  Attorneys for Defendants
   COUNTY OF ALAMEDA, CHARLES C. PLUMMER,
6  RONALD KAHO'ALI'I, WILLIAM LAM, MICHAEL GALLARDO,
   and FRANK BUSCHHUETER
7

8                 UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10 CRAIG FERRY, JR.,                    ) Case No.: C05-02788 MHP
                                        )
11        Plaintiff,                    ) STIPULATION AND PROTECTIVE
                                        ) ORDER REGARDING DOCUMENTS,
12        vs.                           ) THINGS, AND INFORMATION TO BE
                                        ) PRODUCED BY PARTIES FOR
13 COUNTY OF ALAMEDA, a governmental    ) INSPECTION, COPYING AND USE IN
   entity; CHARLES C. PLUMMER, in his   ) THIS LITIGATION
14 capacity as Sheriff for the COUNTY OF)
   ALAMEDA; RONALD KAHO'ALI'I,          )
15 individually and in his capacity as a deputy )
   sheriff for the COUNTY OF ALAMEDA;   )
16 WILLIAM LAM, individually and in his )
   capacity as a deputy sheriff for the COUNTY )
17 OF ALAMEDA; MICHAEL GALLARDO,        )
   individually and in his capacity as a deputy )
18 sheriff for the COUNTY OF ALAMEDA;   )
   FRANK BUSCHHUETER, individually and  )
19 in his capacity as a deputy sheriff for the )
   COUNTY OF ALAMEDA; and DOES 1        )
20 through 25, inclusive,                )
                                        )
21        Defendants.                   )
   _____)
22

23    Plaintiff, CRAIG FERRY, JR., and Defendants COUNTY OF ALAMEDA, CHARLES

24 C. PLUMMER, RONALD KAHO'ALI'I, WILLIAM LAM, MICHAEL GALLARDO, and

25 FRANK BUSCHHUETER (hereafter collectively referred to as the "Parties") will be producing

26 certain confidential and privileged materials and information in this action, either by request for

27 production or through an initial disclosure in accordance with Federal Rule of Civil Procedure

28

---
1

*Ferry v. County of Alameda, et al.*/Case #C05-02788 MHP
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By Parties For Inspection, Copying And Use In This Litigation

26.

The Parties will be producing certain confidential and privileged materials and information in this action, either by request for production of documents or through an initial disclosure in accordance with Federal Rules of Civil Procedure 26.

The Parties believe such documents, materials, and information are, in whole or in part, confidential, security-sensitive and privileged, and may contain information and references to medical records, mental health records, psychiatric records, juvenile criminal and court records, law enforcement and criminal justice records, substance abuse information, and references to others as witnesses to events involving the plaintiff or who are relatives of the plaintiff and have a privacy interest in their personal information. Such documents are confidential, not within the public domain, and will only be produced for inspection or copying under this protective order.

IT IS HEREBY STIPULATED by the Parties, through their counsel, as follows:

1. All writings (as defined by Federal Rules of Evidence, Rule 1001), materials, and information produced and designated "confidential" by the Parties (hereinafter referred to as "such writings, materials, or information") shall be securely maintained and kept confidential in accordance with the terms of this stipulation and protective order. Any document designated confidential shall be marked "confidential." The Parties and their counsel will act in good faith in designating the writings as "confidential" so as to comply with the requirements of Northern District Local Rule 79-5. If any party, through their counsel, contends that any of the writings designated as "confidential" by an opposing party is not confidential, security-sensitive or privileged, then that party and/or counsel must make a proper and timely objection to opposing counsel, meet and confer in an effort to resolve the disagreement, and if the disagreement is not resolved after meeting and conferring, bring the issue before the Court for resolution.

2. Counsel for the parties may as appropriate in this action show any such "confidential" writings, photographs, materials, or any copies, prints, negatives, listings or summaries to parties to the action, witnesses and experts or consultants employed by the parties and retained in connection with this specific action. The parties to the stipulation and protective order and counsel shall not give, show, or otherwise divulge any such writings, photographs, materials or

2

Ferry v. County of Alameda, et al./Case #C05-02788 MHP
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By Parties For Inspection, Copying And Use In This Litigation

information, or the contents or substance thereof, or any copies, prints, negatives, listings or summaries, to any person or other entity except their employees, experts or consultants employed and retained in connection with this specific action.

3. The employees, experts or consultants of the parties in this action to whom such writings, materials or information are intended to be presented, shall before such writings, materials or information are presented to them be given a copy of this stipulation and protective order and shall agree in writing to be bound by its terms. Counsel for the parties to this stipulation and protective order shall maintain a signed acknowledgement of the persons receiving confidential material of having read this Stipulation and Protective Order and each signed acknowledgement shall be available for inspection by the court upon a showing of good cause.

4. All writings submitted to or filed with the Court in connection with this action, which contain, set forth, summarize, or otherwise refer to confidential documents, materials or information or their contents, shall be filed with the Court under seal in accordance with the procedures set forth in Northern District Local Rule 79-5. The confidential portions of the documents to be filed with the Court shall be filed in sealed envelopes as set forth in Northern District Local Rule 79-5 which shall not to be opened, nor the contents displayed nor revealed to anyone except by express order of the Court. The Court and its employees and designated representatives are permitted to review the contents of such sealed items for the purpose of ruling on any matter before the Court.

5. The parties through their counsel, experts and consultants may only use the writings covered by this order and information contained in them solely in connection with this action, Case No. C05 3128 JL.

6. Upon completion of the trial and any appeals in this case, or upon conclusion of any settlement, counsel for the parties who have obtained any writings, materials or information under this order shall collect them from all recipients and return them and all copies, lists, prints, negatives or summaries to counsel for the Party that produced the confidential material, or in the

3

*Ferry v. County of Alameda, et al.*/Case #C05-02788 MHP
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By Parties For Inspection, Copying And Use In This Litigation

1 alternative, destroy by shredding all documents obtained from opposing counsel or parties and
2 represent in writing to counsel for the party producing all such documents and materials, that the
3 records so obtained have been properly destroyed.
4     7. None of the parties to this action, their counsel nor any of the other persons or entities
5 who have agreed to be bound by the terms of the stipulation and protective order shall hereafter,
6 unilaterally change, limit, vacate or otherwise modify or terminate the effect of this stipulation
7 and protective order. Any modification to the protective order requires further stipulation of the
8 Parties and court order, or by motion to the court for good cause.
9     8. The improper disclosure of any confidential writings, materials, or information
10 obtained under this stipulation and protective order, or any other violation of this protective
11 order by any person or entity, shall render the offending person or entity subject to such sanction
12 as the Court deems appropriate.

13 Dated: November 18 2005     LAW OFFICES OF JOHN L. BURRIS

15 By: /s/ John L. Burris, Esq.
16         Attorneys for Plaintiff

17 Dated: November 18 2005     LAW OFFICES OF GAYLA B. LIBET

19 By: /s/ Gayla B. Libet, Esq.
20         Attorneys for Plaintiff

21 Dated: November 18, 2005     HAAPALA, ALTURA,
                                      THOMPSON & ABERN, LLP

23 By: /s/
24         Rebecca S. Widen
        Attorneys for Defendants

25 //
26 //
27 //
28 //

4
Ferry v. County of Alameda, et al./Case #C05-02788 MHP
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By Parties For

11/18/2005 11:41 5104208324    GAYLA B LIBET    PAGE 02

**PROTECTIVE ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:
11/27/05

Honorable Marilyn H. Patel
United States District Court Judge

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534